**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| MARJORIE ESCARENO, | ) | |
| Petitioner, | ) | 2:07-cv-00696-LRH-RJJ |
| vs. | ) | ORDER |
| SHERYE FOSTER, *et al.*, | ) | |
| Respondents. | ) | |

This closed action is a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by a Nevada state prisoner. This action was dismissed without prejudice, and judgment was entered, on December 12, 2008, because petitioner failed to comply with the Court's order to pay the filing fee for this action (docket #8 and #9).

Petitioner has filed a motion to reopen the case (docket #10), which the Court treats as a motion for reconsideration. Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Under Federal Rule of Civil Procedure 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst*, 260 F.3d at 1044 (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999)).

Petitioner seeks reconsideration of this Court's order dismissing the case without prejudice for failure to pay the filing fee. The Court ordered petitioner to pay the $5 filing fee on April 8, 2008 (docket #3). Petitioner had eight months in which to submit the filing fee. However, there is no record of the filing fee being paid in this case. Petitioner has not demonstrated that she is entitled to reversal of this Court's order dismissing the case without prejudice for failure to pay the filing fee. The Court will deny the motion for reconsideration.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (docket #10) is **DENIED**.

DATED this 12th day of May, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE