UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARJORIE ESCARENO, )
)
      Petitioner, )    2:07-cv-00696-LRH-RJJ
)
vs. )    <u>ORDER</u>
)
SHERYE FOSTER, *et al.,* )
)
      Respondents. )
_____/

    This is a *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Marjorie Escareno, a Nevada prisoner. On December 12, 2008, this Court dismissed the action without prejudice and entered judgment (docket #8 and #9), as petitioner failed to comply with this court's order requiring her to pay the $5.00 filing fee for this action (docket #3).

    Petitioner filed a motion to reopen the case (docket #10), which this Court treated as a motion for reconsideration. The Court denied the motion (docket #11). Petitioner has now filed another motion to reopen (docket #12) and has now paid the $5 filing fee (docket #13). Petitioner states that the filing fee was originally sent to the Clark County Clerk of Court instead of the Clerk to the United States District Court, District of Nevada. However, petitioner had over one year to file the filing fee in the correct court, and she never filed the fee in this Court prior to the dismissal of the case without prejudice. Petitioner cannot now file the fee six months after the case has been closed. As the Court dismissed the case without prejudice petitioner can pursue a new action.

    Even if the Court did grant the motion to reopen, and vacated dismissal of the case, petitioner has not stated any claim for relief in her habeas petition that could conceivably entitle her to federal habeas corpus relief. Under Rule 4 of the Rules Governing Section 2254 Cases in the United States

District Courts, the court is charged with performing a preliminary review of habeas petitions before they are served on the respondents. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  In the instant case the petition is twenty-seven pages of rambling relating to whether petitioner could be convicted for pursuing her religious beliefs.  Petitioner has not stated any grounds upon which relief could be granted.

**IT IS THEREFORE ORDERED** that the motion to reopen (docket #12) is **DENIED**.

DATED this 13th day of October, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2